# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DONALD EARL JOHNSON,** | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:19-cv-00096 |
| | ) **CHIEF JUDGE CRENSHAW** |
| **ST. THOMAS HOSPITAL, MID-TOWN,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Because he is being granted leave to file this case *in forma pauperis*, Donald Earl Johnson's January 22, 2019 Complaint (Doc. No. 1), as supplemented on January 29, 2019 (Doc. No. 4) (collectively, "Complaint"), is before the Court for an initial review in accordance with 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, this case will be dismissed.

**I.  Factual Allegations**

The only defendant identified in the Complaint is St. Thomas Hospital, Mid-Town ("Hospital"). The documents attached to the Complaint indicate that Plaintiff presented at the Hospital's emergency department on June 4, 2018 complaining of chest pain. (Doc. No. 1 at 9–10.) He was admitted overnight. On June 5, a nurse at the Hospital gave him a shot in his left shoulder. Plaintiff insists that, before this incident, he has only ever taken shots in his right arm. He told then nurses he wanted the shot in his right arm rather than his left, but they insisted they had to give him the shot in his left arm. As a result of getting the shot in his left arm, his shoulder swelled up and was very painful. Plaintiff is suing for $10,000,000 in punitive damages.

## II. Review under Section 1915(e)(2)

The Court is statutorily required to conduct an initial review of the complaint of a plaintiff proceeding *in forma pauperis* and to dismiss it prior to service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening procedure established by § 1915(e) applies to *in forma pauperis* complaints filed by non-prisoners as well as to those filed by prisoners. McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." DirectTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). (quoting Gregory v. Shelby Cty., 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007).

Plaintiff in this case proceeds *pro se*, without an attorney. "*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383. *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks and citation omitted). Cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## III. Analysis

Plaintiff asserts that the Court has federal question jurisdiction over this action, and he alleges that the defendants are federal officials. The form Complaint utilized by Plaintiff is a Complaint for Violation of Civil Rights, which is generally used to bring claims under 42 U.S.C. § 1983 to vindicate constitutional violations by state officials. The Court therefore construes the Complaint as attempting to bring claims under § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir.

3

2014). A plaintiff may not proceed under Section 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

Plaintiff's allegations—that he received a shot in his left arm instead of his right—do not suggest a violation of his constitutional rights. Even if they did, the Hospital and the nurses are private parties rather than state actors. Consequently, Plaintiff has not shown that the purported constitutional violation took place at the hands of a state actor or under color of law, or that any of the conduct of which he complains is "fairly attributable to the state." Id. (quoting Ellison v. Garbarino, 48 F.3d 192, 195 (6th Cir. 1995)). The Complaint therefore fails to state a claim under Section 1983.

Moreover, although Plaintiff asserts that the Court has federal question jurisdiction over this case, the gravamen of the Complaint, as the Court reads it, is a state law medical malpractice or negligence claim against the Hospital or the two nurses employed by the hospital. The Court does not have original jurisdiction over this claim on the basis of the federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, because the Hospital and its nurses are not alleged to be citizens of a state other than Tennessee. The Court lacks diversity jurisdiction under Section 1332.

However, the Court does have supplemental jurisdiction over any state law claims that are "so related to claims in the action within" the Court's original jurisdiction as to "form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction once the Court has dismissed all claims over which it has original jurisdiction. Id. § 1367(c)(3). As noted above, diversity jurisdiction does not exist in this case, so the Court does not have original jurisdiction over the state law medical malpractice claims. Under these circumstances, the Court will decline to exercise supplemental jurisdiction over those claims.

**IV.    Conclusion**

Plaintiff's allegations, construed as true, do not establish the existence of viable federal claims. For the reasons set forth herein, all federal claims will be dismissed with prejudice for failure to state a claim for which relief may be granted. The Court lacks original jurisdiction over the state law claims and will decline to exercise supplemental jurisdiction over those claims. They will be dismissed without prejudice.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE